IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 17 CV 323<br><br>Judge<br><br>Magistrate |
| Plaintiffs, | ) | |
| v. | ) | |
| DESTINY SERVICES, INC. An Illinois corporation, and DANIEL McDUFFIE, Individually, | ) ) ) ) | |
| Defendants. | ) | |

## **COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Grant R. Piechocinski, and ARNOLD

AND KADJAN LLP, complain against Defendant, DESTINY SERVICES, INC. an Illinois corporation, and DANIEL McDUFFIE, individually, as follows:

## COUNT I Audit

### Jurisdiction and Venue

1. Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended, and 28 U.S.C. Section 1331.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3. The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS HEALTH AND WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4. The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended, ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant DESTINY SERVICES, INC. ("DESTINY"), an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about January 25, 2007, whereby DESTINY agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, COPPER is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, COPPER is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, COPPER is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not DESTINY is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require

DESTINY to pay liquidated damages, interest, auditor's fees, and all attorney's fees and court costs incurred by the Funds in the collection process.

## The Claim

9. Upon information and belief, Plaintiffs are advised that DESTINY has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the contributions for the audit period of October 1, 2015 through the present.

10. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from DESTINY.

11. DESTINY is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132(g)(2)(D).

12. Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

    (i)    interest on the unpaid contributions; or

    (ii)    liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. This Court order DESTINY to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds for an audit for the period of October 1, 2015 through the present.

B. That judgment be entered in favor of Plaintiffs and against Defendant in the amount shown to be due on the above audit.

C. This Court enjoin DESTINY from violating the terms of the collective bargaining agreement and Trust Agreement by failing to make timely payments to the Funds and DESTINY be ordered to resume making those payments.

D. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502(g)(2).

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## Count II Breach of Note

13. Plaintiffs repeat and reallege Paragraphs 1-12 as if more fully stated herein.

14. Defendant, DANIEL McDUFFIE, ("McDUFFIE") is on information and belief the President of Defendant, DESTINY, and McDUFFIE resides in this Court's jurisdiction.

15. DANIEL McDUFFIE, individually, co-signed and guaranteed the Installment Note entered into by DESTINY, which was in resolution of the audit for the period of May 14, 2013 through September 30, 2015 and outstanding liquidated damages through January 2016. (see copy of Installment note attached hereto as Exhibit B).

16. Failure to pay all benefits due is an event of default on the Installment Note.

17. The Note is in default since at least November 15, 2016 as a result of DESTINY's failure to make certain monthly contributions.

18. There is an unpaid balance of **$2,795.94** on the Installment Note.

19. Default on the Installment Note accelerates the entire balance due.

20. Defendants, DESTINY, an Illinois corporation, and DANIEL McDUFFIE,

individually, have failed to make payment despite repeated demands for payment.

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, DESTINY, an Illinois corporation, and DANIEL McDUFFIE, jointly and severally, and in favor of Plaintiffs in the amount of **$2,795.94** plus interest provided for in the terms of the Note in event of default.

                                                Respectfully submitted,

                                                **TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, et al.,**

                                                By: /s/ Grant R. Piechocinski
                                                     One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
GRANT R. PIECHOCINSKI
ARNOLD AND KADJAN LLP
203 N. LaSalle St., Suite 1650
Chicago, Illinois 60601
(312) 236-0415